IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

ISIAH WILIAMS                                                                              PLAINTIFF

v.                                                                            No. 3:13CV256-MPM-DAS

MDOC MEDICAL STAFF, ET AL.                                       DEFENDANTS

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* prisoner complaint of Isiah Williams, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. For the reasons set forth below, the instant case will be dismissed for failure to state a claim upon which relief could be granted.

**Factual Allegations**

Williams alleges that, while housed at the Mississippi State Penitentiary, he developed a skin condition in 2007. He believes he received inadequate treatment for the condition. He was scheduled to undergo a punch biopsy on July 3, 2013, to determine the source of the problem, but he was transferred to the Marshall County Correctional Facility before the biopsy could be performed.

**Statute of Limitations**

All of Williams' claims arising out of the 2007 occurrence of his skin condition must be dismissed because the statute of limitations has expired. A federal court borrows the forum state's general or residual personal injury limitations period. *Owens v. Okure*, 488 U.S. 235, 249 (1989); *Gartrell v. Gaylor*, 981 F.2d 254 (5th Cir. 1993). In Mississippi, that statute is MISS. CODE ANN. § 15-1-49, which allows a litigant only three years to file such an action, and the statute begins to run "at the moment the plaintiff becomes aware he has suffered an injury or has sufficient information to

know he has been injured." *Russel v. Board of Trustees of Firemen, etc.*, 968 F.2d 489 (5th Cir. 1992), *cert. denied*, 113 S. Ct. 1266 (1993) (citations omitted).  Williams filed the instant suit on October 23, 2013; as such, his claims must have arisen after October 23, 2010, to fall within the limitations period.  As his claims arose in 2007, they fall well outside the three year limitations period and must be dismissed for that reason.   A final judgment consistent with this memorandum opinion will issue today.

      **SO ORDERED**, this, the 11th day of April, 2014.

                                  **/s/ MICHAEL P. MILLS**
                                  **CHIEF JUDGE**
                                  **UNITED STATES DISTRICT COURT**
                                  **NORTHERN DISTRICT OF MISSISSIPPI**